REISS et al. v. BRITISH GENERAL INS. CO.

United States District Court
S. D. New York.

Oct. 19, 1949.

Halperin, Natanson & Scholer, New York City, for plaintiff.

Powers, Kaplan & Berger, New York City, for defendant.

RYAN, District Judge.

Defendant moves to vacate plaintiffs' notice to take the deposition of Samuel Berger, described in the notice as "one of the attorneys for the defendant." The notice specified the matter concerning which examination of Berger is sought, to wit, "as to any knowledge he may have of the facts alleged in the answer of the defendant."

The action is brought to recover for loss of certain jewelry upon a policy of insurance issued by defendant insuring plaintiffs against all risk of loss of specific jewelry owned by plaintiffs.

Defendant's answer consists substantially of a denial of knowledge or information sufficient to form a belief as to loss, and of an affirmative defense pleading that in an examination conducted by defendant of plaintiffs, prior to the commencement of the action, pursuant to a provision in the policy, plaintiffs made certain false and fraudulent statements in an attempt to deceive and defraud defendant.

It appears that after proof of the loss was submitted to defendant, it retained a firm of attorneys to investigate the claim and that as part of such investigation plaintiffs were to be examined under oath. Under the provision of the policy, plaintiffs were required to submit to such examination. The same attorneys who conducted the investigation were later retained by defendant to represent and defend it in this action. Berger, a member of the firm, apparently had charge of the investigation and examination.

It is urged by defendant that the information sought under this notice is part of the "work product" of its attorneys and therefore privileged, and that "plaintiffs are attempting to inquire into material collected by an adverse party's counsel in the course of a situation that may result in litigation, and which in this case has actually resulted in the pending suit."

A stenographic record of the examination was furnished plaintiffs by defendant, but this does not operate to deprive plaintiffs of their right to examine Berger.

It is reasonable to assume that at least some of Berger's services were not those rendered or expected to be performed by an attorney, but were rather work ordinarily done by an insurance adjuster and investigator. Such acts are not protected by privilege and are not embraced in an attorney-client relationship; nor, can they be said to be the "work product" of an attorney or part of his preparation for defense of the action. This is particularly so when they are done before legal action is commenced, threatened or contemplated.

The court will not at this time attempt to limit or fix the scope of the examination; this can best be accomplished by rulings on objections to specific questions put to the witness Berger during his examination.

Motion to vacate the notice of deposition is denied.