**O'KEEFE et ux. v. SHAUGHNESSY.**

Civ. No. 3652.

United States District Court, N. D. New York.

Argued Nov. 27, 1950.

Submitted Dec. 22, 1950.

Decided Jan. 8, 1951.

Matthew V. Byrne, Jr., Syracuse, N. Y., for plaintiffs.

Irving J. Higbee, U. S. Atty., Syracuse, N.Y., for defendant, Edmund Port, Syracuse, N. Y., of counsel.

BRENNAN, Chief Judge.

The plaintiffs by motion seek an order of this Court requiring one D'Amico, an Internal Revenue Agent, to appear and give oral testimony in accordance with the provisions of Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. A brief statement of the facts is made to afford the background for the decision.

In this action the plaintiffs seek to recover a money judgment representing payment to the defendant, who is a Commissioner of Internal Revenue, of an alleged illegal, erroneous and excessive personal income tax liability assessed for the calendar year 1944. The pleadings indicate that upon an investigation and reaudit by D'Amico of the plaintiffs' income tax return for the year 1944, it was determined that the books and records maintained by plaintiffs were inadequate as affording a basis for the computation of the plaintiffs' income tax. The tax was recomputed, using a "mark up" basis of 100% based upon plaintiffs' purchase of food and beverages during the year 1944. A deficiency assessment was made and was subsequently paid by the plaintiffs, and in due course this action was started. An answer was filed which raises an issue as to the method used by the agent in recomputing the tax. On or about July 17, 1950, after the service of the answer, a notice, pursuant to Rule 26, was served by plaintiffs looking to the examination before trial of Mr. D'Amico. Shortly thereafter a motion was made in behalf of the defendant to vacate the notice upon the ground that the information sought was privileged, and that the agent was prohibited from testifying by reason of the regulations of the Treasury Department.

The motion came on for argument and was granted, not upon the ground mentioned but rather that the plaintiffs had failed to exhaust the administrative remedy which appeared to be provided by Regulation. (1938 Department Circular No. 591). The Regulation in substance provides that Treasury Department employees are prohibited from testifying with respect to information obtained as a result of their official duties without the prior approval of an official named therein. Such permission might be obtained by application based upon an affidavit showing the interest of the litigant and the information desired.

Thereafter it appears from the affidavit on which this motion is based that on the 14th day of August, 1950, plaintiffs made such application to the Secretary of the Treasury at Washington, D. C. The application was acknowledged on August 24, and no reply thereto had been received up to November 13, 1950, although three months had expired. On September 26, 1950, the plaintiffs' attorney by telegram requested such reply so that the case could be disposed of at the October trial term. The telegram was not answered. The action was put over the October term and this motion followed.

The allegations of the moving affidavits are not disputed. The briefs submitted by both counsel indicate that they expect that the Court should on this motion determine whether or not Mr. D'Amico will be required by the order of this Court to appear and be examined, and whether or not the testimony sought to be elicted would be privileged. These questions are not before the Court at this time and will not be decided upon this motion. In effect, the only question before the Court is to determine whether or not the plaintiffs have so far exhausted the administrative prerequisites that they may proceed in the manner prescribed by the rules to take the deposition of Mr. D'Amico.

The Court is aware of those cases which are cited in the case of Marzo v. Moore-McCormack Lines, D.C., 7 F.R.D. 378, at page 381, which hold in substance that it is improper to apply for an order permitting an examination after issue has been joined. Here, however, is an unusual situation. The Court vacated the original notice of examination for failure to exhaust an administrative remedy. The plaintiffs then undertook to proceed administratively. They were stymied by the inaction of the Department for a period of three months. They then properly seek the aid of this Court which still retains the right to control and regulate the litigation pending therein. Over three months of inaction upon the plaintiffs' request for permission to examine D'Amico in my opinion constitutes circumstances which are not controlled by the authorities above referred to and justify this Court in affording the particular relief requested.

The briefs filed by the parties contain an intimation that since the argument of the motion the plaintiffs' request for permission to take the testimony of D'Amico has been denied by the Treasury Department. If such a denial is a fact, then under the provisions of the Rule the plaintiffs may proceed with the examination without leave of this Court, and the motion might be considered academic. The Court is disposed, however, to decide this motion since, if no action has been taken upon the plaintiffs' request, then further proceedings must be held until the Treasury Department at its own convenience passes upon what appears to be a simple request. The elapsed period of time without explanation is such a delay as to warrant action on the part of the Court having in mind its obligation to the litigants.

As above indicated, it is deemed unnecessary and improper to attempt to pass upon the question as to whether or not the testimony to be elicited upon the examination is privileged, and whether the witness is prohibited from disclosing the information sought. This conclusion is reached by reason of the fact that the applicable Rules of Civil Procedure, 26 etc., provide an entirely adequate procedure whereby the rights of the parties are protected. The question of privilege may be determined when and if it is raised. There is no such question before the Court at this time.

902

The Court calls the attention of counsel to the discussion in Moore's Federal Practice, 2nd Edition, Volume 4, Pages 1001, etc., especially Pages 1160–1183. Attention is also called to the case of Wyker v. Willingham, D.C., 55 F.Supp. 105, and Ferd. Mulhens, Inc. v. Higgins, D.C., 55 F.Supp. 42, which bear upon the contention made by the defendant to the effect that this is a private litigation and the privilege rule may not be invoked in the same manner as if the United States was a party thereto.

The plaintiffs' motion is granted to the extent that they may proceed in the manner prescribed by the Rules to take the deposition of the witness D'Amico. All other questions discussed upon the argument or referred to in the briefs may be raised in the course of this proceeding in the manner provided by the Rules.