**UNITED STATES v. LUSTIG.**

United States District Court
S. D. New York.
July 9, 1954.

See also D.C., 110 F.Supp. 806.

---

4. 8 U.S.C.A. § 1451(b).

5. In re Oddo, D.C., 117 F.Supp. 323.

6. Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451.

and furnishes no ground to vacate the proposed examination of the defendant. The time to assert the plea is when specific questions are put to the defendant during the course of the examination.[1]

■ Undoubtedly the examination will center about the basic charge of concealment of material facts and wilful misrepresentation, but many questions may be put as to which the defendant may not desire or be entitled to assert the Constitutional privilege. The protection of the Fifth Amendment against self-incrimination extends only where one "has reasonable cause to apprehend danger from a direct answer."[2] It is true the privilege embraces answers which may support a conviction under a federal statute, and also those which would furnish a link in the chain of evidence needed to prosecute a party asserting the privilege for a federal crime. But the mere assertion of the privilege as now set forth in the defendant's affidavit and before a single question has been propounded does not gain for him automatic immunity. The Court, and not the defendant, determines whether the refusal to answer is justified and may "require him to answer if 'it clearly appears * * * that he is mistaken'" in his refusal.[3]

To uphold the defendant's plea in advance of the taking of his testimony upon the mere filing of his affidavit asserting the privilege would take from the Court the determination of the basic issue of whether or not an answer in response to specific questions would incriminate the defendant or subject him to real danger and leave its determina-

J. Edward Lumbard, U. S. Atty., New York City, George C. Mantzoras, Asst. U. S. Atty., New York City, for the United States.

Donner, Kinoy & Perlin, David Scribner, New York City, for defendant.

WEINFELD, District Judge.

■ The defendant in this action to revoke citizenship for concealment of material facts and wilful misrepresentation moves to vacate a notice to take his deposition served by the Government pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In support of his motion defendant submits an affidavit wherein he asserts his privilege against self-incrimination. I hold that its assertion at this time is premature

1. Cravatts v. Klozo Fastener Corp., D.C., 15 F.R.D. 12; see Brockway Glass Co. v. Hartford-Empire Co., D.C., 36 F.Supp. 470; Grauer v. Schenley Products Co., Inc., D.C., 26 F.Supp. 768; Nekrasoff v. U. S. Rubber Co., D.C., 27 F.Supp. 953; O'Keefe v. Shaughnessy, D.C., 95 F. Supp. 900, 901; 4 Moore's Federal Practice, p. 1088.

2. Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118; Mason v. United States, 244 U.S. 362, 365, 37 S.Ct. 621, 61 L.Ed. 1198.

3. Hoffman v. United States, supra; United States v. Doto, 2 Cir., 205 F.2d 416; Enrichi v. United States, 10 Cir., 212 F.2d 702; In re Friedman, D.C., 104 F. Supp. 419.

tion entirely to the defendant. This is not the law.

The motion is denied. Settle order on notice.