**34**

Donald W. SHINER and Shiner Electric Co., Plaintiffs

v.

AMERICAN STOCK EXCHANGE, an unincorporated membership association, Edward T. McCormick as President of the American Stock Exchange, Joseph F. Reilly, Chairman of the Committee on Floor Transactions of the American Stock Exchange, Edward M. Gilbert and Empire Millwork Corporation, Defendants.

United States District Court
S. D. New York.
May 22, 1961.

———◆———

Migdal & Low, New York City, Bennett Frankel, New York City, of counsel, for plaintiffs.

Shearman & Sterling New York City, Michael J. De Santis, New York City, of counsel, for defendants, Edward M. Gilbert and Empire Millwork Corp.

Barry, Treanor, Shandell & Brophy, New York City, for defendants, Edward T. McCormick and Joseph F. Reilly.

CASHIN, District Judge.

This is a motion by the plaintiffs for an order vacating the notice served by the defendants, Edward M. Gilbert and Empire National Corporation, sued herein and formerly known as "Empire Millwork Corporation", to take the deposition of Lester C. Migdal, one of plaintiffs' attorneys, as a witness.

There are three causes of action alleged in the complaint, of which we are only concerned with the first and third. The first cause of action alleged against all the defendants charges that the American Stock Exchange acted negligently, arbitrarily and capriciously and violated obligations of the Exchange to the plaintiffs, as short sellers and third-party beneficiaries of a contract, to maintain an orderly and fair market in the trading of shares of E. L. Bruce Co. The third cause of action alleges that defendants, Gilbert, Empire Millwork Corporation, and Carl M. Loeb, Rhoades & Co., entered into an unlawful conspiracy to corner the common stock of E. L. Bruce Co.

It appears that Lester C. Migdal represented certain plaintiffs, who are not parties to this action, in an action seeking an injunction against all the present defendants in the Supreme Court of the State of New York, County of New York. That action was unsuccessful. The instant action is brought by other plaintiffs for damages. Both cases arose out of the same set of facts.

Lester C. Migdal does not claim that a party's attorney of record is exempt from examination before trial but, rather, that (1) since the facts are independently available to these defendants this examination should not be permitted, (2) material gathered by a lawyer or gathered under his direction is not subject to discovery proceedings, (3) a lawyer's mental impressions or processes are not subject to examination, and (4) that the information he has is privileged. In essence, what Migdal claims is that he cannot answer any questions put to him by defendants because it is either privileged or is part of his "work product."

It seems that plaintiffs' motion is premature. It is better to wait until specific

questions are asked and either answered or objected to before the court rules. I will not try to limit or fix the scope of the examination at this time. Reiss v. British General Ins. Co., D.C.S.D.N.Y.1949, 9 F.R.D. 610. Moreover, to grant plaintiffs' motion at this time would take from the court the determination of each objection and place it in plaintiffs' hands. Migdal cannot defeat discovery at this time by claiming that everything he knows is either privileged or part of his "work product." That is for the court to decide at the proper time. United States v. Lustig, D.C.S.D.N.Y.1954, 16 F.R.D. 138.

Plaintiffs' motion is denied as being premature.

It is so ordered.