John T. DUNLOP, Secretary of Labor, U. S. Department of Labor, Plaintiff,

v.

HANOVER SHOE FARMS, INC., Defendant.

Civ. A. No. 75–1243.

United States District Court, M. D. Pennsylvania.

May 13, 1976.

Sidney Salkin, Dept. of Labor, Philadelphia, Pa., for plaintiff.

Leroy Euvrard, Jr., York, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

This is a suit by the Secretary of Labor (the Secretary) on behalf of a former employee of the defendant who claims he was discriminatorily discharged in retaliation for complaining about the health and sanitation conditions of his job with the defendant. The suit has been brought pursuant to section 11(c) of the Occupational Safety and Health Act of 1970 (the Act), 29 U.S.C. § 660(c), which authorizes the Secretary to "bring an action in any appropriate United States district court" against an employer who "discharge[s] or in any manner discriminate[s] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter." 29 U.S.C. § 660(c)(1) & (2). Presently before the court is defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted, and plaintiff's motion to strike defendant's demand for jury trial.

■ Bearing in mind that, in considering a motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true, *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), the following relevant facts appear. On July 3, 1974, while in the employ of defendant, Burdette A. Woodkirk filed a complaint with Legal Services, Inc. alleging that the defendant required him to work under conditions that were detrimental to his health and safety. As a result of that complaint, a staff member of Legal Services contacted the defendant and requested that the complained of working conditions be remedied. Thereafter, on July 8, 1974, the defendant discharged Mr. Woodkirk because he had filed the above-described complaint with Legal Services. On July 31, 1974, Mr. Woodkirk filed a complaint with a representative of the Secretary alleging that he had been discharged in retaliation for having complained about the health and safety conditions of his job, and, subsequently, on October 10, 1975, the Secretary initiated the instant lawsuit.

The defendant makes essentially two arguments in support of its motion to dismiss for lack of jurisdiction. The first is based on the portion of section 11(c)(2) of the Act which provides that upon receipt of a complaint from an employee alleging a violation of the Act, "the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person." 29 U.S.C. § 660(c)(2). The defendant maintains that because the complaint does not aver that an investigation was conducted by the Secretary prior to the institution of this suit, the suit must be dismissed for want of jurisdiction. Defendant's argument is that an allegation of an investigation is a jurisdictional prerequisite to suit under the Act. Defendant has cited no authority in support of its position. Plaintiff maintains that, even though the complaint does not allege in so many words that an investigation was conducted by the Secretary, such an investigation was in fact conducted prior to the bringing of this suit. Plaintiff also argues that if a prior investigation was not conducted, defendant was not prejudiced by the absence of an investigation.

■ The short answer to defendant's contention is that the Act leaves it up to the Secretary's discretion whether and to what extent to investigate a complaint prior to bringing suit. The Act provides that "the Secretary shall cause such investigation to be made *as he deems appropriate.*" (emphasis supplied). Thus, as far as the Act is concerned, the Secretary need not conduct any investigation prior to instituting suit. Furthermore, even assuming arguendo that a prior investigation is a sine qua non to suit under the Act, the complaint would not have to expressly allege

such an investigation to establish jurisdiction under the Act. Such a formal requirement would be a drastic departure from the standards of notice pleading under the Federal Rules of Civil Procedure. It can be assumed that if Congress intended such a departure in suits brought under the Act, it would have been more explicit in drafting the Act. In any event, on the basis of the record before me, I would conclude that a prior investigation was in fact conducted by the Secretary prior to instituting this suit. *See* Exhibit E to Plaintiff's Memorandum Contra Motion to Dismiss.

 Defendant's second argument in support of its motion to dismiss for lack of jurisdiction requires little comment. It is that because the Secretary decided to bring the instant suit without giving the defendant any notice of the possibility of a lawsuit or any opportunity to be heard on the question of whether to sue, the defendant has been deprived of its due process rights. It is settled, however, that when, as here, only property rights are involved, no hearing is required when an administrative agency is merely determining whether judicial proceedings should be initiated, as long as "there is at some stage an opportunity for a hearing and a judicial determination." *Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 599, 70 S.Ct. 870, 873, 94 L.Ed.2d 1088 (1950). Defendant will receive its full panoply of due process rights in the trial of the instant case.

 Defendant's argument in support of its motion to dismiss for failure to state a claim is similarly unpersuasive. It is that because Mr. Woodkirk's discharge occurred prior to the filing of any complaint with the Secretary, there can be no claim for relief under the Act, which establishes a cause of action against an employer who discriminates against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by any such employee on behalf of himself or others of any right afforded by this chapter." 29 U.S.C. § 660(c)(1). It is true that Mr. Woodkirk's discharge on July 8, 1974, preceded the filing of his complaint with the Secretary on July 31, 1974. However, that discharge followed by five days Mr. Woodkirk's complaint to Legal Services about the conditions of his employment. The latter complaint encompassed the retention by Mr. Woodkirk of counsel to represent him in rectifying what he considered to be unhealthy and unsafe working conditions. It was the first step in his exercise of his right to "safe and healthful working conditions," a right which was expressly established by the Act. 29 U.S.C. § 651(b). As such, it is clearly covered by the Act, which affords a cause of action against an employer who discriminates against an employee because "of the exercise by such employee on behalf of himself or others of any right afforded by this chapter." 29 U.S.C. § 660(c)(1). Because the complaint alleges that Mr. Woodkirk was discharged for retaining counsel to represent him in rectifying what he considered to be unsafe and unhealthy working conditions, it states a claim upon which relief can be granted.

 Moreover, Mr. Woodkirk alleged in his affidavit that he lodged his complaint with defendant and under 29 C.F.R. 1977, 9(c) such a complaint, if made in good faith, would protect him against discharge or discrimination as a result thereof.

 Plaintiff's motion to strike defendant's demand for jury trial will be granted. The demand for back pay in this case is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy, to be determined through the exercise of the court's discretion, and not by a jury. *Cf. Johnson v. Georgia Highway Express Co.*, 417 F.2d 1122, 1125 (5th Cir. 1969); *Curtis v. Loether*, 415 U.S. 189, 197, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).