Ray MARSHALL, Secretary of Labor,
United States Department of
Labor, Plaintiff,

v.

S. K. WILLIAMS COMPANY, Defendant.

No. 78–C–133.

United States District Court,
E. D. Wisconsin.

Dec. 6, 1978.

Mark L. Shapiro, U. S. Dept. of Labor, Chicago, Ill., for plaintiff.

Mark E. Sostarich, Godfrey & Kahn, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action wherein the plaintiff alleges that the defendant S. K. Williams Company harassed and discharged employee Dennis Slatter in retaliation for participating in an Occupational Safety & Health Act (OSHA) safety inspection and for other protective activities in violation of section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c), (the Act).

The defendant has filed a motion to dismiss this action for lack of subject matter jurisdiction and a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. These motions are the subject of this memorandum and order.

As grounds for its motion to dismiss, the defendant alleges that this Court lacks jurisdiction over the subject matter of this action because Section 11(c)(2) of the Act requires, as a jurisdictional prerequisite, that the Secretary of Labor determine the existence of a violation before commencing suit. This subsection provides in relevant part:

> Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within 30 days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of the subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action, the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

The defendant argues that, prior to commencing an action in federal court, the Secretary of Labor must make some determination that the provisions of the subsection were, in fact, violated. Defendant maintains that, because the Secretary made no formal determination of a violation of section 11(c) prior to commencing this action, the action must be dismissed for lack of jurisdiction. Defendant's argument is that a formal determination of guilt is a jurisdictional prerequisite to suit under the Act. Defendant has cited no case law authority in support of this position.

Defendant also states that it is probable that a determination made by anyone other than the Secretary of Labor would be insufficient under the statute.

In *Dunlop v. Hanover Shoe Farms*, 441 F.Supp. 385 (M.D.Pa.1976), the district court held that an allegation in the com-

plaint that an investigation was conducted by the Secretary of Labor prior to institution of suit under section 11(c) of the Act was not a jurisdictional prerequisite to bringing the federal court action. The court stated:

> Furthermore, even assuming arguendo that a prior investigation is a sine qua non to suit under the Act, the complaint would not have to expressly allege such an investigation to establish jurisdiction under the Act. Such a formal requirement would be a drastic departure from the standards of notice pleading under the Federal Rules of Civil Procedure. It can be assumed that if Congress intended such a departure in suits brought under the Act, it would have been even more explicit in drafting the Act. *Id.* at 387–88.

As this Court reads section 11(c), there is no requirement that the Secretary formally state in the complaint that he has made a determination that the statute has been violated in order for this Court to have jurisdiction. Congress merely intended that the Secretary make an initial determination of a possible violation prior to commencing suit, rather than immediately filing an action whenever an employee files a complaint with the Secretary. This Court believes that if Congress intended to require the Secretary to formally state that such a determination had been made, it would have included such a provision when drafting the Act.

█ In this case, although the Secretary did not explicitly state that he had determined that the provisions of the statute had been violated, he did commence a civil action. By doing so, he in effect stated that a statutory violation had occurred and was seeking redress for this alleged violation in the federal courts. The wording of the complaint indicates that the Secretary made a determination that section 11(c) of the Act had been violated by the defendant.

This Court finds that the filing of a complaint constitutes a sufficient determination by the Secretary that the statute has been violated. A formal allegation in the complaint that such a determination was made prior to the institution of the suit is not a jurisdictional prerequisite.

Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction must be and is hereby denied.

█ Defendant has also moved the Court for a protective order precluding the plaintiff from any discovery or, in the alternative, imposing reasonable limits on the plaintiff's discovery demands. Defendant alleges that the order is necessary to protect the defendant from unfair, unreasonable and undue burden and expense. Defendant also argues that the Secretary needs no discovery since the statute provides for an investigation and determination of violation prior to filing an action. No authority is cited for this latter proposition.

The Court has considered defendant's arguments and finds that there is nothing in the Act to indicate that Congress intended to preclude the Secretary from discovery once a civil action was commenced.

█ Rule 26(c) of the Federal Rules of Civil Procedure provides that a party is entitled to discovery unless the opposing party shows "good cause" for a protective order. The burden is on the moving party to prove "good cause" for issuance of a protective order.

█ Defendant contends that discovery would impose a financial burden on it, but no specific objections to particular interrogatories or to production of requested documents is made.

After due consideration, the Court finds that no good cause is shown for issuance of a protective order at this time. Accordingly, defendant's motion for a protective order must be and is hereby denied. As previously stated, defendant's motion to dismiss is likewise denied.