*Wells v. Rockefeller,* Civ. No. 82–212, Hearing Transcript, February 23, 1983, at 40.

As to the error in the summons, counsel for Wells was not ignorant of the law and the time provisions for response to actions where service is obtained by certified mail. To the contrary, he was more than familiar with these provisions, and more importantly, with the statute of limitations on tort claims arising in 1967 and 1968.

It is axiomatic from any study of Third Circuit decisions that default judgments are not favored, because of the rule which prefers having matters determined on their merits. There is nothing in appellate case law or anywhere else, however, that suggests that this Court must be captive to the litigant who has no merit to his position. Elementary considerations of fairness to that litigant's opponents dictate that they should not be put through the drawn out process of obtaining a final determination after lengthy maneuvering which on its face can be readily made at this juncture.

The motion of the defendant to reopen the default judgment will be denied.

**HUNT INTERNATIONAL RESOURCES CORP. and Nelson Bunker Hunt, Plaintiffs,**

v.

**Mark P. BINSTEIN, Defendant.**

**No. 83 C 4860.**

United States District Court, N.D. Illinois, E.D.

July 28, 1983.

'Robert Markowski, Jenner & Block, Chicago, Ill., Eric Cromartie, Hughes & Hill, Dallas, Tex., for plaintiffs.

Russell Woody, Martha A. Mills, Cotton, Watt, Jones, King & Bowlus, Morton Denlow, Sachnoff, Weaver & Rubenstein, Ltd., Stephen J. Spitz, Sperling, Slater & Spitz, P.C., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The law firms of Cotton, Watt, Jones, King & Bowlus; Sachnoff, Weaver & Rubenstein, Ltd.; and Sperling, Slater & Spitz, P.C. have moved this Court for an order quashing a deposition subpoena directed to John M. Bowlus.[1] These firms represent approximately 2,400 plaintiffs in actions entitled *Jean and Patricia Adair, et al. v. Hunt International Resources Corp., et al.,* Case No. 79 C 4206 (*"Adair"*) and *Glennys Aaland, et al. v. Hunt International Resources Corp., et al.,* Case No. 80 C 5317 (*"Aaland"*), currently pending in the Northern District of Illinois. Bowlus at one time had represented all plaintiffs in the *Adair* and *Aaland* cases. His present law firm continues to represent some plaintiffs in these cases, with the other two movants representing the remaining plaintiffs. The deposition subpoena presently at issue originated in an action pending in the United States District Court for the Northern District of Texas entitled *Hunt International Resources Corp. and Nelson Bunker Hunt v. Mark P. Binstein,* No. CA3–863–F. For reasons set forth below, the motion to quash the deposition subpoena is denied.

 We begin by observing that Bowlus has not himself moved to quash the subpoena for his deposition. Generally, it is the person to whom a subpoena is directed who has standing to seek a motion to quash. Unless a party can demonstrate a personal right or privilege with respect to the subject matter of the deposition, the party to the action lacks standing to halt the deposition. *Dart Industries v. Liquid Nitrogen Processing Corp. of California,* 50 F.R.D. 286, 291 (D.Del.1970); *Shepherd v. Castle,*

20 F.R.D. 184, 188 (W.D.Mo.1957). And an attorney may be deposed, even if he or she represents a party to the litigation in issue. *Smith v. Insurance Co. of North America,* 30 F.R.D. 534 (M.D.Tenn.1962); *McCall v. Overseas Tankship Corp.,* 16 F.R.D. 467 (S.D.N.Y.1954). However, courts have recognized that a party claiming attorney-client privilege may have standing to seek to quash a subpoena directed to its non-party attorney. *Oliver B. Cannon & Son, Inc. v. Fidelity and Casualty Co. of New York,* 519 F.Supp. 668, 680 (D.Del.1981). Nevertheless, challenges to the taking of an attorney's deposition, based upon claims that any of the attorney's testimony will involve disclosure of privileged information or "work product," have been held to be premature. *Shiner v. American Stock Exchange,* 28 F.R.D. 34 (S.D.N.Y.1961). As that Court observed, completely preventing the taking of a deposition on either of the above grounds would tend to limit or fix the scope of the examination before it began and would usurp the court's role in deciding whether certain questions seek privileged information. *Id.* at 35. The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary.

The movants in this matter suggest that since Bowlus will withdraw from his present law firm at the end of July, 1983, the interests of their clients may be inadequately represented in Bowlus' deposition, and that their clients should not have to rely upon Bowlus to claim the attorney-client privilege on their behalf. Moreover, because there is a protective order in the Texas litigation, barring access to discovery materials to anyone other than the parties, the movants will be unable to learn what transpired in Bowlus' deposition.

 We are not unsympathetic to the movants' plight. They raise difficult questions in an admittedly unique factual situation. The client's interests in the attorney-

---

1. Bowlus is presently a partner in Cotton, Watt, Jones, King & Bowlus. He is to leave the firm at the end of this month.

client privilege are entitled to protection— particularly when the attorney-client relationship has, or is about to be, terminated. But the proposed method of protecting those interests—the *prior restraint* of the testimony of the attorney as to *any* matter—raises even more troublesome issues. To afford the extraordinary relief requested by movants would require this Court to make two unwarranted assumptions of fact. First, we would have to assume that *everything* Bowlus would testify to in his deposition would be a matter subject to the attorney-client privilege. Second, we would have to assume further that Bowlus in some instances would fail to invoke the attorney-client privilege when asked questions concerning privileged matters. There is no factual basis at this time to conclude that either of these assumptions would be warranted in this matter.[2] The better procedure—although concededly not wholly satisfactory—would be to allow Bowlus' deposition to proceed and for any claims of privilege to be resolved during the course of his examination.[3] The Court would presume that at such time, in accordance with established legal and ethical standards, Bowlus would respect and zealously protect the interests of his former clients as to any privileged material.

Accordingly, the motion to quash is denied. It is so ordered.

**2.** During the hearing on this motion Bowlus was still a partner in one of the movant law firms. We note that there was no indication— during this hearing and the papers filed herein—from his firm, nor from any of the movants, that Bowlus intends to violate the attorney-client privilege during the course of his deposition. It is well settled that the attorney-client privilege survives the termination of the attorney-client relationship. 8 J. Wigmore, Evidence § 2323 (McNaughton rev. 1961); *United States v. Kleifgen,* 557 F.2d 1293, 1297 (9th Cir.1977).

**3.** In the event that movants are still uncertain whether Bowlus will adequately invoke the attorney-client privilege to protect their clients' interests, there is possibly another procedure which could afford movants the protection they seek. According to Fed.R.Civ.Pro. 24(a), anyone may intervene in an action if the applicant:

claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

It therefore may be prudent, prior to the taking of the deposition, for movants, if they can satisfy the requirements of Rule 24(a), *Woolen v. Surtran Taxicabs, Inc.,* 684 F.2d 324, 333 (5th Cir.1982), to act expeditiously to intervene on behalf of their clients in the Texas litigation. *See, e.g., United States v. American Telephone and Telegraph Co.,* 642 F.2d 1285 (D.C.Cir. 1980), where it is suggested that a nonparty asserting work product privilege to preclude the discovery of certain documents may be allowed to intervene pursuant to Rule 24(a). *Id.* at 1290–1295. *Cf., Reisman v. Caplin,* 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964) (in proceedings to enforce IRS summons, witnesses may assert attorney-client privilege; third parties may intervene to protect their interests as well). *See also, Donaldson v. United States,* 400 U.S. 517, 527–530, 91 S.Ct. 534, 540–544, 27 L.Ed.2d 580 (1971). If this intervention is successful, the protective order in the Texas litigation could be modified to permit the presence of movants during Bowlus' deposition in order that they might assert their clients' attorney-client privileges, if need be. We are confident that the Northern District of Texas would carefully consider any such application.