**KREKEL PUBLICATIONS, INC., d/b/a Waukesha This Week, Plaintiff,**

v.

**WAUKESHA FREEMAN, INC., Defendant.**

Civ. A. No. 83–C–504.

United States District Court, E.D. Wisconsin.

Aug. 16, 1983.

746

Thomas W. Godfrey, Milwaukee, Wis., for plaintiff.

Robert V. Abendroth, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action alleging a restraint of trade and an attempt to monopolize in violation of 15 U.S.C. §§ 1 & 2. The plaintiff alleges that the defendant has conditioned sales of advertising in its "Freeman Plus" newspaper on purchases of advertising in its "Waukesha Freeman" newspaper, and that the sales are below the cost of producing the former publication. The defendant denies that it has restrained trade, and raises several affirmative defenses. Jurisdiction is conferred upon the court by 28 U.S.C. § 1337 (Supp. V 1981).

The parties have agreed that discovery in this case should be confidential. Pursuant to their agreement, they have drafted a proposed protective order applying to all documents, answers to interrogatories, testimony, information and pleadings that either party wishes to designate as "confidential." The parties also provide for the confidentiality of information gathered at dep-

ositions, by agreeing that all persons present at the deposition will be admonished that the information is protected by the proposed order. The parties provide that the confidential materials are to be used solely for purposes of this case, and are to be disclosed to and inspected by no one other than counsel of record, officers, directors and employees of the parties who are deposed or are personally involved in the case, expert witnesses or consultants who assist in the case, and the personnel of the court. In short, the parties have devised a comprehensive scheme that potentially renders inaccessible all the materials gathered in this proceeding. I am usually pleased when the parties agree on some matter pertaining to discovery, but in this instance on this record I cannot approve this agreement which would deny the public access to the proceedings of this court.

A party seeking a protective order must show good cause before the order can issue. Fed.R.Civ.P. 26(c); *Marshall v. S.K. Williams Co.,* 462 F.Supp. 722 (E.D.Wis. 1978). Moreover, the appropriateness of a constraint on discovery is a matter within the Court's discretion. *Cf. United States v. Balistrieri,* 606 F.2d 216 (7th Cir.1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980). Concededly, Rule 26(c) and interpretive caselaw look to situations where the parties disagree on the proper scope of discovery. Nonetheless, the rule reflects an attitude favoring open discovery in the absence of special circumstances.*

This Court maintains a policy of open discovery, and finds no reason to set aside that policy here. The parties have made no showing that they risk injury or embarrassment if discovery is not closed to the public and I am not going to speculate on the reasons these two newspapers might have in restricting access to the information they gather in this antitrust action.

THEREFORE, IT IS HEREBY ORDERED that the parties' request for an order closing the discovery proceedings to the public is denied.

* Indeed, Congress has provided specifically for public access to discovered information in certain cases. *See, e.g.,* 15 U.S.C. § 30 (1976).