**Ned COOPER, an individual, Plaintiff,**

**v.**

**WELCH FOODS, INC., a corporation, Defendant.**

**No. CIV–80–1142E.**

United States District Court, W.D. New York.

Oct. 19, 1984.

Raymond F. Kramer, Grand Island, N.Y., for plaintiff.

Edwin T. Bean, Timothy M. O'Mara, Buffalo, N.Y., for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

This action arises under the United States patent laws, 35 U.S.C. §§ 271, 281, 284 and 285. Plaintiff alleges that the defendant has infringed and is infringing United States Letters Patent No. 3,892,871 issued to plaintiff July 1, 1975, by offering for sale, selling, manufacturing and/or using jellies employing the invention of the patent—to wit, a jelly employing high fructose corn syrup with or without other sweeteners. Plaintiff has asked this Court to (1) adjudge the patent to be valid and infringed by defendant, (2) issue a preliminary and final injunction enjoining defendant from continued and further infringement of the patent and (3) grant plaintiff compensatory and punitive damages and an award for attorneys' fees incurred in this action. Defendant contends that the patent is invalid, unenforceable and void for failure to comply with 35 U.S.C. §§ 101,

102, 103 and 112 and that no product manufactured by it constitutes infringement of any valid claims of plaintiff's patent, and has counterclaimed for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201 and 2202, seeking a declaration that the patent is invalid, unenforceable and not infringed.

Defendant has now moved for a protective order pursuant to Fed.R.Civ.P. rule 26(c) seeking to strike the notice of depositions served on defendant April 20, 1983. The notice requests the appearance for deposition purposes of Emery Polya, defendant's director of research and development, Clifford Fulton, defendant's general counsel, Everett Baldwin,[1] and one or more individuals to be designated by defendant to testify upon a broad range of subjects. In support of its motion for a protective order defendant asserts

(1) that discovery has been closed since October 5, 1982;

(2) that Polya's deposition has previously been taken and defendant cannot justify his reappearance;[2]

(3) that Fulton is general counsel for defendant and that the information requested of him is either privileged or of the type about which Fulton would not be best to testify;

(4) that Baldwin has been defendant's president for less than a year and that other officers of the corporation, who are more qualified to testify concerning those subjects identified by plaintiff, have previously been deposed; and

(5) that defendant has previously designated individuals to testify on the same issues recited in the notice and that the depositions of these individuals have been taken.

Plaintiff has previously sought to depose individuals either currently employed or previously employed by defendant. Plaintiff filed a notice of depositions May 6, 1982 in which he sought to depose twenty-seven of defendant's officers and employees, although the parties apparently agreed to limit such number. Polya was subsequently deposed and six other individuals, five of whom were designated as officers in the May 6th notice, were deposed August 25th following the filing of a second notice of depositions. In response to the first notice of deposition defendant's counsel identified, pursuant to Fed.R.Civ.P. rule 30(b)(6), two individuals who were most knowledgeable in the areas of research and development of the alleged infringing articles. Both of these individuals, George Rubin and Edward Friedman, had retired but defendant provided plaintiff with their addresses in a letter dated May 28, 1982. When plaintiff was unable to contact Friedman, defendant agreed to extend the period of discovery—which had originally been set by the Magistrate to end October 5, 1982— to June 13, 1983. Affidavit of Dennis J. Mondolino ¶¶ 7–10 (filed Aug. 5, 1982). Defendant contends that such extension of time was limited to the taking of the deposition of Friedman.

Plaintiff asserts that it must examine Fulton and that, in the event questions concerning privileged matter arise at the deposition, any privilege can then be asserted by him. Similarly, plaintiff dismisses defendant's concerns re the relevancy of Fulton's testimony as merely conclusory in nature. As to Baldwin plaintiff argues that defendant's conduct constitutes a continuing offense and that Baldwin's recent assumption of the presidency does not diminish the value of his testimony. Finally, plaintiff asserts that the individuals previously designated by defendant as being knowledgeable of the development of the

---

**1.** Although the notice called for the appearance of one Everett Wagner, both parties agreed that Everett Baldwin is the individual whom plaintiff seeks to depose. Baldwin is defendant's president.

**2.** This ground concerning Polya is no longer pertinent. In an affidavit attached to defend-

ant's Notice of Motion, Polya swore that he had no further information to add to the deposition taken on May 27, 1982. Plaintiff has agreed to delete Polya from his notice. (Memorandum in Opposition to Defendant's Motion for a Protective Order at 2.)

alleged infringing products were without such knowledge and hence that examination of others is required.

Fed.R.Civ.P. rule 26(c) provides in part: "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court * * * may make any order which justice requires to prevent a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *."

Fed.R.Civ.P. rule 26(b)(1) sets forth the scope of discovery:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *"

In light of the general philosophy supporting full discovery of relevant facts, courts rarely order that a deposition not be taken. 4 J. Moore, *Federal Practice* ¶ 26.69 at 26–443 (2d ed. 1981). The burden on the party seeking to bar a deposition "constitutes a requirement for a threshold showing that there is 'good cause' that the order issue." *U.S. v. Hooker Chemicals & Plastic Corp.*, 90 F.R.D. 421, 425 (W.D.N.Y. 1981). The showing must involve " 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements * * *' " *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974), *quoting from* Wright & Miller, *Federal Practice and Procedure*, Civil § 2035 at 264–265. Defendant has not made such showing.

Defendant does not claim that plaintiff's proposed depositions would embarrass or oppress it. Rather, defendant contends that the depositions would be unduly burdensome, that the notice of deposition is untimely, that more qualified people are available to testify on the subjects outlined in the notice and that these people have already testified. Defendant's assertion of untimeliness, normally a valid consideration, is unaccompanied by any indications of bad faith and is insufficient to prevent the anticipated discovery. The notice of deposition was filed prior to the expiration of the extended period of discovery and defendant has demonstrated no prejudice by the further discovery. Although it may evolve that the individuals best qualified to testify on the subjects outlined in the notice of deposition have already testified on those subjects, the mere possibility of repetition of testimony is not by itself sufficient to justify a protective order. Moreover, an allegation that a deponent knows little concerning a matter sought to be inquired into does not prohibit the taking of his or her deposition. *Transcontinental Motors, Inc. v. NSU Motorenwerke Akt.*, 45 F.R.D. 37 (S.D.N.Y.1968). Finally, the mere circumstance that the person proposed to be deposed is the opposing party's attorney is not alone sufficient to preclude the taking of such person's deposition. *Shiner v. American Stock Exchange*, 28 F.R.D. 34 (S.D.N.Y.1961). As noted above, proper matters may be inquired into at the deposition and any proper privileges may be asserted thereat.

Plaintiff's attorney has noted that the deposition will occupy no more than one day and has agreed to take the depositions at defendant's headquarters, said by him to be in Westfield, N.Y. Defendant notes that both Fulton and Baldwin now reside in Massachusetts and that such now is the site of defendant's corporate headquarters. Such depositions should be had at those headquarters in order to minimize the burden or interference with the conduct of defendant's business operations.

Accordingly, it is hereby ORDERED that defendant's motion for a protective order is denied.