**BALL CORPORATION, a corporation, Plaintiff,**

**v.**

**XIDEX CORPORATION, a corporation, and Dysan Corporation, a corporation, Defendants.**

**Civ. A. No. 88–F–1091.**

United States District Court, D. Colorado.

Oct. 26, 1988.

of that litigation, defendant Xidex Corporation and its wholly owned subsidiary Dysan Corporation petitioned the United States Patent and Trademark Office ("PTO") for a re-examination of the '308 patent. This unfair competition claim arises out of hearings on that petition. Following defendants' request for re-examination, the PTO rejected several of plaintiff Ball's claims that defendants had infringed its patent. Defendants manufacture computer disks and claim not to compete directly with plaintiff.

Ball alleges that defendants perpetrated a fraud on the PTO by knowingly misrepresenting evidence on the commercial success and non-obviousness of the lubricant described in the '308 patent, by withholding evidence on these issues which defendants had in their possession and by preventing Ball from submitting that evidence under the pretext of this court's protective order in the prior litigation. Based on this conduct, plaintiff brings six state law claims for relief: (1) Unfair Competition, (2) Fraud, (3) Product Disparagement, (4) Intentional Interference with Protected Property Interests, (5) Intentional Interference with Prospective Business Relationships, and (6) Patent Libel. Plaintiff seeks actual and exemplary damages and injunctive relief ordering defendants to submit all relevant information to the PTO during Ball's pending appeal of the PTO action described above.

Jurisdiction before this court is based on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff is incorporated in Indiana. Defendants are incorporated in Delaware and California.

Defendants contend that as a matter of law plaintiff can not recover on any of the claims alleged in the complaint because the underlying conduct was a genuine effort to petition the government. Defendants contend that such conduct is constitutionally protected under the *Noerr–Pennington* doctrine of antitrust immunity.[1] Having

Charles F. Brega, J. Stephen McGuire, Denver, Colo., Clyde F. Willian, Chicago, Ill., for plaintiff.

Ralph F. Crandell, Denver, Colo., Warren P. Kujawa, Henry C. Bunsow, San Francisco, Cal., for defendants.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted, or in the alternative for summary judgment, pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

Plaintiff holds a patent ("the '308 patent") on a form of lubricant used to protect the surface of computer hard-disks from abrasion during high-speed information processing. This litigation arises out of a previous patent infringement action brought by plaintiff in this court, *Ball Corp. v. Xidex Corp.*, Civ. Action No. 86–F–1082 (D.Colo.1986). During the progress

---

1. Sherman Act immunity for First Amendment activity involving appeals to the government is derived from two Supreme Court opinions, *Eastern Railroad Conference v. Noerr Motor Freight,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961), and *United Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626

reviewed the pleadings and the complaint, defendants' motion to dismiss or for summary judgment is DENIED.

## I.

In addressing defendant's motion to dismiss, we must liberally construe the well-pleaded allegations of plaintiff's complaint and accept them as true. *Shoultz v. Monfort of Colorado, Inc.*, 754 F.2d 318, 321 (10th Cir.1985), *cert. denied*, 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986). A complaint should only be dismissed if plaintiff can prove no set of facts which would entitle it to relief. *Id.* With regard to the issue presented by defendant's motion, plaintiff alleges that it was damaged by defendants' knowing and willful tender of false information to the PTO Office on which that office relied in finding against plaintiff's claims in the '308 patent. Plaintiff alleges further that defendants knowledge of falsehood is confirmed by their resistance to production of true evidence plaintiff obtained through discovery in a prior action in this court.

■ As a preliminary matter, defendants contend that the *Noerr–Pennington* doctrine of immunity from antitrust liability under the Sherman Act extends to common law tort actions for unfair competition. The *Noerr–Pennington* doctrine holds that genuine attempts to influence the government are protected from Sherman Act liability by the overriding protections of the First Amendment. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510-12, 92 S.Ct. 609, 611-12, 30 L.Ed.2d 642 (1971). Defendants urge this court to adopt the holding of *Sierra Club v. Butz*, 349 F.Supp. 934, 936-37 (N.D.Cal. 1972). That court found that the combined effect of Supreme Court law on the First Amendment, defamation and the Sherman Act immunizes parties who conspire to influence government to competitively injure others. We note that other courts confronting distinguishable allegations of fraudulent statements to the PTO have applied the doctrine to Sherman Act claims while refraining from applying it to common law unfair competition claims. *See, e.g., T.N. Dickinson v. LL Corp.*, 227 U.S. P.Q. 145, 149 (D.Conn.1985) [1985 WL 14175]. We also note that First Amendment law does not absolutely protect false statements like those alleged in this complaint. *See, e.g., McDonald v. Smith*, 472 U.S. 479, 484, 105 S.Ct. 2787, 2790, 86 L.Ed. 2d 384 (1985). The parties have not adequately briefed the issue of whether the chilling effect attributable to common law unfair competition torts invokes the same policy concerns as does the potential for substantial liability under the Sherman Act. Accordingly, we refrain from holding that the *Noerr–Pennington* doctrine should be extended to the claims brought in this litigation, but find that even if it did, plaintiffs have alleged facts that, if true, would bring defendants' conduct within the sham litigation exception to the doctrine.

The parameters of the sham litigation exception as applied by most courts is found in *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510-12, 92 S.Ct. 609, 611-13, 30 L.Ed.2d 642 (1971); *see also Hydro–Tech v. Sunstrand Corp*, 673 F.2d 1171, 1176 n. 6 (10th Cir. 1982). Defendants direct us to *Hydro-Tech*, in which Tenth Circuit upheld an order of this court dismissing Sherman Act claims based on litigation brought by defendant, allegedly, without probable cause. *Id.* at 1177. But in analyzing the parameters of the exception, the Circuit Court specifically noted that the *California Motor Transport* Court held that use of a patent obtained by fraud to injure a competitor fall within the exception.

■ We find that the allegations raised in plaintiff's complaint are more analogous to the latter situation than to the allegations we dismissed in *Hydro–Tech*. If plaintiff can prove that defendants' fraudulently misrepresented their challenge to the '308 patent to injure the competitive rights of defendant, the *Noerr–Pennington* doctrine will not immunize defendants from liability for those injuries. *See Instructional Systems Development*

(1965). *See Hydro–Tech Corp. v. Sundstrand*  *Corp.*, 673 F.2d 1171, 1175 (10th Cir.1982).

*Corp. v. Aetna Casualty and Surety Co.*, 817 F.2d 639, 649 (10th Cir.1987) (abuse of government process is not protected competition on the merits); *Litton Systems, Inc. v. AT & T*, 700 F.2d 785, 811–12 (2d Cir.1983), *cert. denied*, 464 U.S. 1073, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984) (actively misleading a federal agency about a tariff filing is an abuse of administrative proceedings for which liability can be imposed under the sham litigation exception); R. Callman, **Unfair Competition, Trademarks and Monopolies**, § 2.32 (4th ed. 1981). When anticompetitive fraud is disguised as petitioning the government, it is "not entitled to First Amendment protection, because it is not an exercise of First Amendment rights." *Clipper Express v. Rocky Mountain Motor Tariff*, 690 F.2d 1240, 1255 (9th Cir.1982), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983). *See also St. Joseph's Hospital, Inc. v. Hospital Corp. of America*, 795 F.2d 948, rehearing denied, 801 F.2d 404 (11th Cir. 1986) (misrepresentations to government body reviewing medical needs of community are not immune from antitrust liability); *Proctor & Gamble Co. v. Nabisco, Inc.*, 3 U.S.P.Q.2d 1207, 1212 (D.Del.1987) (First Amendment does not protect fraudulent representations to the Patent Office made to injure a competitor). We find that plaintiff's complaint alleges facts, that, if proven, would allow plaintiff to recover under applicable common law claims for unfair competition.[2]

■ As to defendants' alternative motion for summary judgment, the record at this time includes defendants' affidavits and exhibits and plaintiff's affidavits and offer of proof. The record demonstrates that whether defendants misrepresented material evidence to the PTO is a genuine issue of material fact.[3] Therefore, defendant is not entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c).

Accordingly, defendants' motion to dismiss or, in the alternative, for summary judgment and for Rule 11 sanctions based on the filing of a spurious complaint are DENIED.

## II.

■ Defendants' pleadings include a motion to quash notices of deposition served on Mr. Bert Zaccaria, Xidex's president, and Mr. Warren P. Kujawa, defendants' counsel in the previous litigation and the action before the Patent Office. Defendant's conclusory statements that a corporate officer was not involved in relevant proceedings do not meet the heavy burden imposed on petitioners seeking that discovery depositions not be taken. *Cooper v. Welch Foods*, 105 F.R.D. 4, 6 (W.D.N.Y. 1984) (denying motion to quash deposition of research department head and general counsel in patent infringement case). Defendants have not shown that Mr. Zaccaria's position foreclosed him from knowledge regarding information possessed by Xidex regarding the products and patent involved. Furthermore, the mere coincidence that the person presenting the allegedly false information to the PTO and negotiating the protective order in the prior litigation is also defendants' attorney in this litigation is not sufficient to preclude deposition of Mr. Kujawa. *Id.* No privilege attaches to Mr. Kujawa's public statements. The application of the attorney-client privilege to certain areas of questioning must be taken up at the time those questions are asked. *Id.* A party may not

---

**2.** Defendants have not addressed the sufficiency of plaintiff's individual claims in their motion to dismiss.

**3.** Defendants have submitted two affidavits prepared by plaintiff's experts for submission to the PTO. Defendants also cite the assertion in plaintiff's complaint that the PTO refused to comply with the terms of this court's protective order in the prior litigation when plaintiff sought review of the PTO's adverse decision. Defendants apparently suggest this evidence supports an inference that their conduct was not the cause of plaintiff's injury. The timing of plaintiff's PTO appeal, constraints on plaintiff's submission and the qualitative difference between the presentation of documents possessed by a challenger and the affidavits of the patentee's own employees rebut such an inference. *See* Defendant's Reply, Exhibit B at p. 3 (PTO opinion finding affidavit of individual with interest in the '308 patent less than persuasive because of the affiant's bias).

frustrate discovery by its choice of counsel in a particular case. Accordingly,

Defendants' motions to dismiss or for summary judgment and to quash notice of depositions are DENIED.

IT IS HEREBY ORDERED that defendants shall answer plaintiff's complaint on or before November 7, 1988. Furthermore, the parties are DIRECTED to proceed with discovery in anticipation of a hearing on the motion for preliminary injunction.