**In re KELTON MOTORS, INC., Debtor.**

**Bankruptcy No. 89–00255.**
**Adv. No. 90–000024A.**

United States Bankruptcy Court,
D. Vermont.

April 17, 1991.

See also 130 B.R. 171.

G. Glinka, Glinka & Palmer, Middlebury, Vt., Trustee of Estate of Kelton Motors.

M. Palmer, Glinka & Palmer, Middlebury, Vt., for trustee.

P. Saxer, Saxer, Anderson, Wolinsky & Sunshine, Burlington, Vt., for Bank of Vermont.

## MEMORANDUM OF DECISION ON TRUSTEE'S MOTION FOR PROTECTIVE ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

This matter[1] is before us on Trustee's motion for a protective order precluding Bank from deposing Trustee. Bank opposes motion. We deny Trustee's motion.[2] First, the work product doctrine cannot be raised to preclude the taking of a deposition. Trustee's remedy is to raise the work product doctrine, or any other privilege at the deposition. Second, F.R.Civ.P. Rule 26, clearly states that any party may be deposed provided that party has knowledge of any discoverable matter. Trustee may be deposed because Trustee is a party who may have knowledge of discoverable information.

Trustee is the Plaintiff in this action for turnover of an alleged voidable transfer of nearly $3,000,000 to Bank. Principals of Debtor's have not been cooperative. We understand constitutional privileges have been asserted by some or all of them. Bank properly noticed Trustee's deposition under F.R.Civ.P. Rule 30. In response, Trustee filed a Motion for Protective Order under F.R.Civ.P. Rule 26(c), asking that the deposition not be had because (1) Trustee is an attorney and all information in Trustee's possession is therefore protected by the attorney work product doctrine; and (2) Trustee has no first-hand knowledge of any relevant facts.

Bank's position is that Trustee has not demonstrated good cause for issuance of a protective order under F.R.Civ.P. Rule 26(c) and that the deposition is clearly within the scope of discovery permitted by Rule 26(b). We agree with Bank.

The work product doctrine, first announced in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and adopted by F.R.Civ.P. Rule 26(b), extends only to items or documents obtained or produced by an attorney which involve professional skill or experience. Facts known to the Trustee are not immune from discovery. The underlying transaction involves an alleged preferential transfer. Who allegedly received the preferential transfer, and on what date it was made, are clearly within the scope of discovery. Also freely discoverable are witnesses who know such facts. *Eoppolo v. National R. Passenger Corp.*, 108 F.R.D. 292 (E.D.Pa. 1985).

Although Trustee may object to questions during the deposition that are indeed protected by the work product doctrine, Trustee's defensive posture is premature. In *Shiner v. American Stock Exchange*, 28 F.R.D. 34 (S.D.N.Y.1961), plaintiff moved for an order vacating the notice to take the deposition of the plaintiff's attorney. The plaintiff's attorney claimed he could not answer any questions put to him by defendants because it was either privileged or attorney work product. The court determined that it is better to wait until specific questions are asked and either answered or objected to before the court rules.

"To grant plaintiffs' motion at this time would take from the court the determina-

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b). This is a core matter under 28 U.S.C. § 157(b)(2)(A). This memorandum of decision constitutes conclusions of law under Federal Rules of civil Procedure 52, as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7052.

2. We had originally granted Trustee's motion from the bench and promised the parties a more reflective decision because of the ramifications of permitting or denying an adverse party Rule 26 access to a bankruptcy trustee. After re-reviewing the applicable law we realized that our original decision was incorrect. Our bench order was vacated and Trustee was ordered to appear for examination subject to ordinary per question objections.

tion of each objection and place it in plaintiffs' hands. [Plaintiffs' attorney] cannot defeat discovery at this time by claiming that everything he knows is either privileged or part of his work product. That is for the court to decide at the proper time."

*Id.* at 35. *See also, Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560 (3rd Cir. 1976) (allegation that whatever witness knows is protected by the work product doctrine, cannot preclude the taking of a deposition.)

Trustee would have this Court make one unwarranted assumption of fact. Trustee would have us assume that everything Trustee would testify to during the deposition would be a matter subject to the work product doctrine. This proposed method of protecting that interest would amount to a prior restraint of any discoverable material. This extraordinary request cannot be granted.

▆▆▆ The Trustee also has the burden to demonstrate good cause for the issuance of a protective order. A strong showing is required before a party will be denied entirely the right to take a deposition. *Marshall v. S.K. Williams Co.*, 462 F.Supp. 722 (E.D.Wis.1978). Moreover, the Trustee's burden in seeking a protective order is to make a particular and specific demonstration of fact amounting to good cause. *Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204 (8th Cir.1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). Here, Trustee's sole demonstration of good cause is that Trustee was not a party to the underlying transaction, and therefore, has no "first hand knowledge" of any relevant facts. First hand knowledge is not a prerequisite to being deposed. Allegations to that effect do not amount to good cause sufficient to preclude the taking of a deposition. *Transcontinental Motors, Inc. v. NSU Motoren. Adtiengesellschaft*, 45 F.R.D. 37 (S.D.N.Y.1968); *Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121 (D.Conn.1974).

Trustee has also not demonstrated that the deposition will lead to annoyance, embarrassment, oppression, or undue burden or expense. We will not tolerate, however, adversaries who are sued by a trustee to preemptively depose the trustee for the mere sake of deposing the trustee. In this instance the underlying adversary proceeding places Bank in a position where the trustee may be the only party available with knowledge about the facts.