Lynn **MARTIN**, Secretary
of Labor, Plaintiff,

v.

**SHARPLINE CONVERTING,
INC.**, Defendant.

Civ. A. No. 92–1021–B.

United States District Court,
D. Kansas.

April 8, 1992.

Elizabeth C. Lawrence, U.S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Kurt A. Harper, Sherwood, Harper & Gregory, Wichita, Kan., for defendant.

### MEMORANDUM AND ORDER

BELOT, District Judge.

■The Secretary of Labor filed this suit on behalf of a former employee of the defendant alleging the employee was discharged in retaliation for complaining about the health and sanitation conditions in the defendant's workplace. The matter comes before the court on the government's motion to strike defendant's demand for a jury trial.

The suit is brought pursuant to section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.* The Act makes no reference to a right to a jury trial. *See Atlas Roofing Company, Inc. v. Occupational Safety and Health Review Commission, et al.,* 430 U.S. 442, 446–47, 97 S.Ct. 1261, 1264–65, 51 L.Ed.2d 464 (1977). The court must therefore consider whether the constitutional question of whether the Seventh Amendment mandates a jury trial in these circumstances.

■ The Seventh Amendment preserves the right to trial by jury where legal rights are at stake. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519, 527 (1990). The test for determining whether a jury trial right exists was restated in *Terry:*

> [W]e examine both the nature of the issues involved and the remedy sought. "First, we compare the statutory action to 18th century actions brought in the court of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second inquiry is the more important in our analysis.

at 565, 110 S.Ct. at 1345, 108 L.Ed.2d at 528 (quoting *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835–36, 95 L.Ed.2d 365 (1987)).

■ The government argues the remedy sought is equitable in nature. Our review of the statute leads to the same conclusion. The backpay remedy sought by the government is treated as discretionary equitable relief under the Act. *Mitchell v. Consolidated Freightways Corp. of Del.,* 747 F.Supp. 1446, 1450 (M.D.Fla.1990).

Our research discloses one case that has addressed the same issue. In *Dunlop v. Hanover Shoe Farms, Inc.,* 441 F.Supp. 385 (M.D.Pa.1976), an action was brought by the Secretary of Labor pursuant to the same statute. The defendant demanded a jury trial, and the government moved to strike the demand. The court granted the government's motion and explained:

> The demand for back pay in this case is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy to be determined through the exercise of the court's

discretion, and not by a jury. (Citations omitted)

441 F.Supp. at 388.

IT IS THEREFORE ORDERED that the defendant's demand for a jury trial is stricken.