CHARLES GOSSMAN *vs.* JULIUS ROSENBERG & another.

Suffolk.    November 11, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Witness,* Cross-examination.    *Evidence,* Relevancy and materiality.

At the trial of an action upon an account annexed for payment by the defendant
of his alleged share of a loss sustained in a joint enterprise, it is not within
the discretionary power of the trial judge to refuse to require the plaintiff, who
voluntarily has offered himself as a witness in his own behalf, to answer in
cross-examination questions which are relevant and material to the authenticity
and validity of some of the items in the account, although his answer will
disclose trade secrets, which, he has testified and the defendant has denied,
it was agreed between them should not be disclosed in their relations with one
another.

CONTRACT for $587.35 upon an account annexed for half of a
loss sustained by the plaintiff in an alleged joint enterprise de-
scribed in the opinion.    Writ dated July 3, 1919.

In a declaration in set-off, the defendants claimed that the
plaintiff owed them $63.35, for wool blankets sold and delivered.

In the Superior Court the action was tried before *Fox*, J.  Ma-
terial evidence and exceptions saved by the defendants are de-
scribed in the opinion.    The jury found for the plaintiff in the
sum of $526.07; and the defendants alleged exceptions.

*Lee M. Friedman,* for the defendants.

*J. B. Jacobs,* for the plaintiff.

PIERCE, J.    The contradictory evidence warranted a finding by
the jury that the defendants and the plaintiff agreed that the
plaintiff should purchase on their joint account certain hosiery
clips; that the defendants should pay one half of the purchase
price and all expenses incurred in the handling of the merchandise;
and that they should each equally share in the profits and in the
loss, if any, in the transaction.    The defendants denied that there
was to be any sharing of losses, but claimed they were merely
agents to sell said clips, to be paid therefor one half of the profits
realized thereby as a commission.    The plaintiff affirmed and the
defendants specifically denied that it was agreed "that Rosen-

berg was not to know from whom he [the plaintiff] bought the goods and Rosenberg was not to disclose the name of his customer to whom he sold the goods." The evidence further warranted a finding that the plaintiff in the execution of the agreement and within the terms of his authority in behalf of the joint account, bought and paid for merchandise of the description which the agreement contemplated he should buy. The evidence warranted the further finding that the defendants denied or repudiated the agreement; that the plaintiff then sold the merchandise he had bought and that thereby a loss resulted to, and an additional expense was incurred by, the plaintiff.'

This action is brought in contract to recover one half of the losses as set forth in the account annexed to the declaration, which account included a payment of an item for a commission to some person not named. The general denial in the answer put in issue 'every material fact alleged in the several counts, and every item set forth in the account annexed.

At the trial the plaintiff upon his cross-examination was asked the questions, and thereon and thereupon the presiding judge ruled at the request of the plaintiff, and subject to the exception of the defendants, as follows:

Q. "When did you buy this merchandise? A. Sometime the latter part of August, 1918." — Q. "Who did you buy it from?" — Objection by the defendants' counsel. — The judge: "I think that is proper cross-examination. I admit that . . ." — Q. "I asked you from whom did you buy that merchandise? A. I don't wish to disclose my purchaser, where I bought the goods." — Defendants' counsel: "I submit . . . that question is a proper one, and that the witness be directed to answer." — The judge: "If he says that he doesn't wish to disclose the name because he is disclosing a trade secret, I won't compel him to answer, but I shall leave it to the jury whether that is the reason or not. I suppose your question is a proper one." — The witness having refused to answer the question and the judge having refused to order an answer, the defendants excepted to the refusal of the judge to order an answer. Q. "Who did you pay for the goods?" — Objection by the defendants' counsel. — The judge: "I say it is a proper question and (addressing the witness) you may use your own judgment in answering the question." — The witness having refused to answer

the question, the judge refused to order an answer. The defendants took a similar exception.

Having admitted that he had in his possession and in court the receipted bill for the purchase of the goods and the check which paid the bill, the plaintiff declined to produce the same in evidence. The judge thereupon made the same ruling as before and the defendants again excepted.

Q. "I ask you, who did you sell the goods to? A. I would not disclose my seller or purchaser." — Thereupon the judge again made the same ruling and an exception was saved. — Q. "Who did you pay a commission to? A. The man that bought the goods." — Q. "What was his name? A. I wouldn't tell you that. I wouldn't disclose the man." — The judge refused to order the witness to answer, and the defendants again excepted.

Upon the issue of the full truth of the items of expenditure stated in the account, it would seem to be plain that the name of the person of whom and to whom the plaintiff bought and sold the merchandise, as also the name of the person to whom he claimed to have paid a commission, were directly relevant to the issues and were not directed merely to the impeachment of the accuracy or credibility of the witness. A fair and full cross-examination to develop facts in issue or relevant to the issue is a matter of absolute right and is not a mere privilege to be exercised at the sound discretion of the presiding judge, and the denial of the right is prejudicial error. *Reeve* v. *Dennett*, 141 Mass. 207. *Gilmer* v. *Higley*, 110 U. S. 47, 50. *Resurrection Gold Mining Co.* v. *Fortune Gold Mining Co.* 64 C. C. A. 180, 186, and cases cited. The statement of the judge when refusing to admit the evidence, "I suppose your question is a proper one," is apparently a recognition of the generally accepted rule of procedural right. His refusal to admit the cross-examination was squarely based upon a supposed right or privilege of the witness to refuse to disclose trade secrets however relevant to the matter in issue. The position and claim is essentially unsound as a declaration of the rights of litigants, and it is opposed to the rule, adopted in this Commonwealth, that a voluntary witness waives every personal privilege. *Woburn* v. *Henshaw*, 101 Mass. 193. *Commonwealth* v. *Lannan*, 13 Allen, 563.

*Exceptions sustained.*