Elsie BERCOW, Leo Bercow, et al. similarly situated, Plaintiffs,

v.

KIDDER, PEABODY & CO., James A. Taylor and John I. Taeni, Defendants.

No. 64 Civ. 419.

United States District Court
S. D. New York.

Oct. 1, 1965.

---

Joy, Hallinan & Finn, New York City, for plaintiffs.

McCormick, McCormick & Dunne, New York City, for defendants.

CANNELLA, District Judge.

Motion by plaintiffs, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an order directing the defendant Kidder, Peabody & Co., to answer certain questions propounded upon oral examination, is denied.

The motion by plaintiffs, pursuant to Rule 34, for an order directing Kidder, Peabody & Co., to produce and permit the inspection of its "Operating Manual", is granted in part.

By complaint dated February 7, 1964, the plaintiffs instituted action against the brokerage firm of Kidder, Peabody & Co., and two of its employees. The plaintiffs, former customers of Kidder, Peabody, allege, *inter alia*, that the loss they sustained in the stock market is essentially attributable to the inadequate supervisory procedures employed by the firm.

In reference to the motion made pursuant to Rule 37(a), Kidder, Peabody, by John Hoff, refused during the course of a deposition taken on December 22, 1964 to answer the following questions:

Q. "Would you tell me, Mr Hoff, what preparation you have made for this examination today?" (Hoff, p. 122)

Q. "Mr. Hoff, would you please tell me who you have talked to about this deposition today since we last met on May 5, 1964?" (Hoff, p. 122)

Q. "Mr. Hoff, what documents have you looked at in preparation for this deposition today since we last met on May 5, 1964?" (Hoff, p. 122)

The permissive scope of a deposition taken in a federal court is delineated in subdivision (b) of Rule 26, Federal Rules of Civil Procedure, in which the area is said to include "any matter, not privileged, which is relevant to the subject matter involved". The basic philosophy of the discovery rules is that the parties to a civil action are entitled to the disclosure of all relevant information, not privileged, concerning the underlying facts upon which the litigation is predicated. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). See also United States v. Procter and Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). However, this court finds that the questions here in issue represent an indirect attempt to ascertain the manner in which an adversary is preparing for trial. The plaintiffs' motion for an order directing the defendants to answer the question is therefore denied.

The plaintiffs' second motion, made pursuant to Rule 34 of the Federal Rules

of Civil Procedure, is for the production and inspection of Kidder, Peabody's "Operating Manual". The moving party claims that this document, or at least parts thereof, is relevant to the issue of the firm's supervisory procedure.

The court has perused the Manual and finds that certain items are relevant to this litigation, Mills Music, Inc. v. Cromwell Music, Inc., 14 F.R.D. 411 (S.D. N.Y.1953); 4 Moore's Federal Practice, ¶ 34.10 (1963), and further finds that the moving party has shown "good cause" for their production. See Rosenblum v. Dingfelder, 2 F.R.D. 49 (S.D.N.Y.1941); 4 Moore's Federal Practice, ¶ 34.08 (1963). The items are: pages 1 through 6 inclusive, 61 through 74 inclusive, 91 through 93 inclusive and "Security Releases" numbers 3, 6, 15, 20, 26, 27, 29, 47, 50 and 52.

■ The defendant Kidder, Peabody & Co. is directed to produce the above-listed documents, for the purposes of inspection and copying, upon the demand of plaintiffs. The plaintiffs must provide twenty-four hours notice prior to the time designated for inspection. Such inspection shall be conducted at the firm's New York regional office, during the regular course of the working day. Unless the parties agree to the contrary, Kidder, Peabody may have a representative present to insure that other items in the Manual, not discoverable, are not seen by the moving party.

■ In addition, since the Manual is confidential, the plaintiffs' attorney and his client is directed to confine the use of the discovered items to the present litigation, and not to disclose, in any manner, the contents of these documents to anyone whose knowledge is not essential to the preparation of the plaintiffs' case. The clerk is directed to return to the defendant, the "Operating Manual".

Submit Order.