*Northern District*

No. 7523

**KENNETH SODERHOLM, ET AL**

v.

**NATHAN MANN, ET AL**

Argued: June 3, 1971 - Decided: July 21, 1971

*Present:* Parker, P.J., Mason, J.

Case tried to *John Forte, J.* in the District Court of Lowell No. 4189 of 1970.

**Parker, P.J.** *This is an action of contract* on an account annexed against the defendants Nathan Mann and the Superior Construction Company, to recover $1,190.00 together with interest for work, labor and materials. The only part of the defendants' answer relied upon is its general denial. The pleadings are not before

us so we do not know if the declaration was in one or more counts. The court found for the plaintiff against the Superior Construction Company in the amount of $1000.00 with interest from the date of the writ.

*At the trial there was evidence tending to show as follows:* During the summer of 1968 the plaintiff was working on a job for the defendant in Chelmsford. The plaintiff agreed with the defendant to lay concrete blocks at 50¢ per block, and to lay bricks for the exterior at $130.00 per thousand and for a building in Fitchburg. Prior to starting the job the plaintiff at the request of the defendant Mann, President and Treasurer of the defendant Superior Construction Company, agreed to lay the concrete blocks at 40¢ per block. The defendant did not make payments to the plaintiff for work done under the agreement and the plaintiff stopped work.

The plaintiff, while he was working on the job, saw the defendant Mann and told him he needed more money for the work being done or he would have to pull off the job and that Mann told the plaintiff that the defendant had a contract and that the defendant would pay no more than the contract. The plaintiff did pull off his men and did not complete the contract.

On cross-examination of the plaintiff, the following questions were asked:

(1)  "Isn't it a fact, that you told Mr. Mann that you were unable to do this job at $.40 per block?"

(2) "Isn't it a fact, Mr. Soderholm, that you told Mr. Mann that unless a new price was agreed upon, that you would have to quit the job?"

Plaintiff's counsel objected to these questions and they were excluded by the court. The defendant seasonably claimed a report.

The point at issue is whether the plaintiff had broken the contract. There was evidence from which it could be inferred that the plaintiff did so and that he had stated to the defendant's President and Treasurer that he needed more money or he would have to pull off the job. There was evidence that the plaintiff did not complete the contract. The questions asked and excluded went directly to the question whether the plaintiff had broken the contract. The questions were not directed towards impeaching the evidence of the witness. They were directed at developing facts in issue. Being relevant the questions were fair in cross-examination and the plaintiff as a matter of right, could ask them and receive the plaintiff's answer thereto. *Grossman* v. *Rosenberg,* 237 Mass. 122, 124.

The court was in error in excluding the questions asked by the defendant's counsel on cross-examination. **The finding of the court is vacated and a new trial is ordered.**

Louis M. Saab
    for the Plaintiffs.
Richard L. Fox
    for the Defendants.