ANTONIO A. COUTO *vs.* COMMONWEALTH. May 21, 1984. *Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Mistrial. *Attorney at Law,* Conflict of interest.

After a bench trial in a District Court, the defendant was found guilty of unlawful discharge of a firearm and assault and battery by means of a dangerous weapon. During a trial de novo before a jury, a District Court judge declared a mistrial over the defendant's objection and scheduled a new trial. The defendant's motion to dismiss the complaints on the ground of double jeopardy was denied. The Supreme Judicial Court allowed the defendant's appeal on a petition under G. L. c. 211, § 3, and transferred the case to this court.

1. "The issue is whether, jeopardy having attached [see *Commonwealth* v. *Ludwig,* 370 Mass. 31, 33 (1976)], there was a manifest necessity for the declaration of a mistrial. *Arizona* v. *Washington,* 434 U.S. 497, 505 (1978). *United States* v. *Perez,* 22 U.S. (9 Wheat.) 579, 580 (1824). There is no mechanical formula to determine the existence of manifest necessity. '[V]irtually all of the cases turn on the particular facts and thus escape meaningful categorization.'" *Commonwealth* v. *Reinstein,* 381 Mass. 555, 560-561 (1980), quoting from *Illinois* v. *Somerville,* 410 U.S. 458, 464 (1973). See *Barton* v. *Commonwealth,* 11 Mass. App. Ct. 688, 692-693 (1981), *S.C.,* 385 Mass. 517 (1982). In ruling on the question of mistrial, "[t]he trial judge must exercise sound discretion, balancing the defendant's 'valued right to have his trial completed by a particular tribunal' . . . against the 'public interest in just judgments. . . .' In exercising this discretion, the trial judge must: first, afford counsel a full opportunity to be heard; and second, carefully consider alternatives to the drastic measure of a mistrial" (citations omitted). *Commonwealth* v. *Denson,* 16 Mass. App. Ct. 678, 681 (1983). The Commonwealth bears the heavy burden of showing that there was a manifest necessity for the declaration of a mistrial. *Arizona* v. *Washington, supra* at 505. We have the relevant portions of the trial transcript and "our appellate function requires that we independently determine the correct application of constitutional principles to the events that occurred." *Barton* v. *Commonwealth,* 11 Mass. App. Ct. at 692.

2. On cross-examination of the victim, the defendant's counsel asked: "[I]s it a fact that you came to my office a couple of days after this incident and asked me to represent you in a civil suit against [the defendant] Mr. Couto?" See *Commonwealth* v. *Marcellino,* 271 Mass. 325, 326-327 (1930). The prosecutor objected, and the judge indicated his concern about the possibility of a "conflict of interest" on the part of the defendant's counsel. A voir dire followed in which the victim testified that he went to the defendant's counsel's office to seek representation in a civil action against the defendant, that in a brief discussion ("five minutes or seven") he related the circumstances of the incident which led to the criminal complaints and that upon so doing the defendant's counsel said that, because of his representation of the defendant, he could not represent the victim. At the conclusion

of the voir dire the judge declared a mistrial. In subsequent written findings, the judge, after a brief summary of the testimony but without explanation, found the defendant's counsel "in conflict of interest."

It is unnecessary to consider the question whether the mere fact of seeking legal representation is protected as a confidential communication within the attorney-client privilege. See *Commonwealth* v. *O'Brien*, 377 Mass. 772, 775 (1979), and authorities cited. See also *Peters* v. *Wallach*, 366 Mass. 622, 627-628 (1975). The Commonwealth's argument is that the victim's communications to the defendant's counsel regarding the circumstances of the incident involving the defendant were privileged; that the "use" of the communications by the defendant's counsel violated the Canons of Ethics and Disciplinary Rules, see S.J.C. Rule 3:07, DR 4-101(B)(1) & (3), as appearing in 382 Mass. 778 (1981);[1] and that the defendant's right to a completion of the trial must be "subordinated to the public's interest in fair trials designed to end in just judgments." *Elder* v. *Commonwealth*, 385 Mass. 128, 133 (1982), quoting from *Wade* v. *Hunter*, 336 U.S. 684, 689 (1949).

The victim's direct testimony, while in greater detail, differed in no material aspect from the skeletal version of the incident which he gave in the brief discussion with the defendant's counsel. Assuming, without deciding, that the attorney-client privilege attached to the victim's communications to the defendant's counsel, that privilege was clearly waived by the victim's direct testimony. See *Neitlich* v. *Peterson*, 15 Mass. App. Ct. 622, 626-627 (1983). Moreover, in the circumstances, there has been no showing that the defendant's counsel used, or could have used, any information conveyed to him to the advantage of the defendant or to the injury of the victim.[2]

3. The record shows that the judge did not consider less drastic alternatives to a declaration of mistrial, such as cautionary or explanatory instructions to the jury. Apart from the considerations already discussed, that failure alone constituted an abuse of discretion. See *Jones* v. *Commonwealth*, 379 Mass. 607, 618 (1980); *Barton* v. *Commonwealth*, 385 Mass. at 519-520. Cf. *Commonwealth* v. *Reinstein*, 381 Mass. at 561-562; *Commonwealth* v. *Denson*, 16 Mass. App. Ct. at 681-683.

4. The Commonwealth has not met the burden of showing that there was a manifest necessity for the declaration of a mistrial. Accordingly, a judgment is to enter directing the District Court to dismiss the complaints.

*So ordered.*

*Harry James Vlachos* for Antonio A. Couto.

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.

---

[1] Contrary to the Commonwealth's argument, the defendant's counsel fully complied with SJC Rule 3:07, DR 5-105, as appearing in 382 Mass. 781 (1981), by declining to represent the victim.

[2] It would have been better practice, of course, had the defendant's counsel advised the Commmonwealth before trial of his prior contact with the victim.