EDWARD J. LOVETT, JR. vs. COMMONWEALTH.

Hampshire.   October 4, 1984. — December 10, 1984.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

*Constitutional Law,* Double jeopardy.  *Practice, Criminal,* Mistrial, Find-
ings by judge, Opening statement.

The judge at a criminal trial did not abuse her discretion in determining that
    improprieties in defense counsel's opening statement created manifest
    necessity for declaring a mistrial over the defendant's objection, where
    the record showed that the judge had considered various alternatives,
    including the possibility of curative instructions and a voir dire of the
    jury, before declaring a mistrial. [447-448]
At a criminal trial it was improper for defense counsel in his opening state-
    ment to give a reason for the defendant's intention not to testify and to
    suggest counsel's personal view that, were the defendant to testify, his
    testimony would agree with that of a certain prospective witness. [447-449]
The judge at a criminal trial was not required to conduct a voir dire of the jury,
    as to the possible prejudicial effect of improprieties in the opening
    statement of defense counsel, before declaring a mistrial over the defend-
    ant's objection. [450]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on January 10, 1984.

The case was heard by *Wilkins, J.*

*William C. Newman* (*Wendy Sibbison* with him) for the
defendant.

*Charles K. Stephenson,* Assistant District Attorney, for the
Commonwealth.

ABRAMS, J. The defendant appeals from a determination by
a District Court judge sitting in the jury-of-six session that
there was manifest necessity for a mistrial based on defense
counsel's opening. She therefore allowed the Commonwealth's
motion for a mistrial.[1] On appeal, the defendant bases his asser-

[1] Appellate counsel was not trial counsel.

tion that the judge erred when she found manifest necessity for a mistrial over the defendant's objection on three grounds: First, the judge should not have found defense counsel's opening remarks so prejudicial to the Commonwealth as to necessitate a mistrial. Second, the judge inadequately explored alternatives to a mistrial. Third, the judge failed to conduct a voir dire of the jury to determine if a factual basis existed for a finding of bias. We conclude that the judge did not abuse her discretion in determining that there was manifest necessity for a mistrial. We remand this matter to the jury-of-six session for trial.

We summarize the prior proceedings. The defendant is charged with operating a motor vehicle while under the influence of intoxicating liquor, see G. L. c. 90, § 24 (1) (*a*), and operating a motor vehicle after the suspension of his license, see G. L. c. 90, § 23. After trial and conviction in the primary session of the District Court, the defendant appealed to the jury-of-six session for a trial de novo. After the jury was empanelled, the prosecutor made an opening statement. Defense counsel then made his opening. See Mass. R. Crim. P. 24 (a) (1), 378 Mass. 895 (1979). In his opening, defense counsel stated the following: "Ladies and gentlemen, this individual here wanted to testify today and he wanted to tell you his story, but it is on my advice that I have told him that he is not to testify. So he will not be testifying to you today. He is fortunate in that there will be another person testifying for him, because there was another person there at the time. . . . He will testify about what happened at the arrest and what he saw and I submit to you that his testimony will not agree with the police officer's testimony."

After completion of defense counsel's opening statement, the prosecutor objected and moved for a mistrial based on those portions of the statement placing "the feelings, the opinions of the testimony of the defendant before the [j]ury." The judge then conferred with counsel.[2] Thereafter, the judge de-

---

[2] A brief side bench conference held on the motion for declaration of a mistrial was recorded. A subsequent conference held before the judge ruled on the motion was not recorded.

clared a mistrial. On October 28, 1983, the Commonwealth filed a Request for Written Findings and a set of Proposed Findings. The court filed written findings on November 8, 1983. The judge concluded that the opening statement "had the effect of suggesting to the jury that the defendant wanted to testify and would have testified but his attorney . . . had directed him not to testify [and] . . . strongly implied that the defendant's testimony would have been in substantial agreement with the testimony of a witness called by the defense and . . . at variance with the arresting officer." The judge also found that defense counsel's remarks created a prejudicial impact on the jurors so as to preclude the assurance of a fair trial and "could not be erased by curative instructions nor by a voir dire of the individual jurors for either would only have exacerbated the prejudicial impact of the remarks by further directing the attention of the jurors to [them]." The judge concluded that a manifest necessity existed for the declaration of a mistrial.

On November 16, 1983, a second judge denied the defendant's motion to dismiss on the ground of double jeopardy. Pursuant to G. L. c. 211, § 3, the defendant filed a petition in the Supreme Judicial Court for Suffolk County requesting that the complaints be dismissed by a single justice. On February 14, 1984, the single justice found that "the judge properly exercised her discretion in determining that there was a manifest necessity to declare a mistrial." The defendant appeals.

The defendant argues that the trial judge's findings are entitled to no deference in this court and that we should conduct an independent review.[3] In support of his argument, he suggests that since the court's findings closely followed those proposed by the Commonwealth, they do not bear the marks of independent judicial analysis, as required by *Cormier* v. *Carty,* 381 Mass. 234, 236-238 (1980), and therefore should be closely scrutinized.

---

[3] Because our determination must be based on whether the trial judge abused her discretion, see *Arizona* v. *Washington,* 434 U.S. 497, 516-517 (1978), and *infra* at 447, we treat this case as if it were here on direct appellate review. Thus, the defendant need not show an error or an abuse of discretion on the part of the single justice to prevail. He must, however, show an error or an abuse of discretion on the part of the trial judge.

In the instant case, however, there is no evidence that the judge did not make independent findings. "[T]he trial judge may and should consider proposed findings and orders where doing so will be of assistance in fashioning a judgment." *Lewis* v. *Emerson,* 391 Mass. 517, 524 (1984). The mere fact that the judge adopted certain language proposed by the Commonwealth does not call for us to disregard her findings. *Id.* The fact that the judge's written findings were not filed until almost two months after her allowance of the mistrial is not improper. See *Commonwealth* v. *Reinstein,* 381 Mass. 555, 558 (1980).

The defendant's main argument is that a retrial violates the constitutional prohibition against double jeopardy because there was no manifest necessity for the declaration of a mistrial. Constitutional protection against double jeopardy attaches in a jury trial when the jury is empanelled and sworn. *Commonwealth* v. *Ludwig,* 370 Mass. 31, 33 (1976), citing *Serfass* v. *United States,* 420 U.S. 377, 388 (1975). See *Crist* v. *Bretz,* 437 U.S. 28, 38 (1978). Thus, in this case, jeopardy had attached. We do not understand the Commonwealth to be arguing otherwise.

In seeking a declaration of a mistrial over the defendant's objection, the Commonwealth must demonstrate a "manifest necessity" for the mistrial. *Jones* v. *Commonwealth,* 379 Mass. 607, 608, 616-617 (1980). *Arizona* v. *Washington,* 434 U.S. 497, 505-506 (1978). *United States* v. *Perez,* 22 U.S. (9 Wheat.) 579, 580 (1824). The particular facts of each case of this type dictate the determination of "manifest necessity." *Thames* v. *Commonwealth,* 365 Mass. 477, 479 (1974). See *Illinois* v. *Somerville,* 410 U.S. 458 (1973). The issue before us is whether the judge abused her discretion in the determination of manifest necessity. *Thames* v. *Commonwealth, supra.*

The judge found that defense counsel's opening statement suggested that the defendant wanted to testify but would not at his counsel's direction. The judge further found that the opening suggested that, if the defendant were to testify, his testimony would be in substantial agreement with the testimony of his witness. The judge concluded, based on her witnessing

of the opening statement, two conferences with counsel, and knowledge of the case, that the prejudicial impact of counsel's remarks might preclude a fair trial. There is no error.

We accord deference to "the trial judge's discretionary determination that 'manifest necessity' exists only if the record reflects that the trial judge gave reasoned consideration to the various available alternatives as well as to questions of fairness before declaring a mistrial." *Jones* v. *Commonwealth, supra* at 622, citing *Arizona* v. *Washington,* 434 U.S. 497, 516-517 (1978). The record and the judge's findings support the conclusion that the judge considered various alternatives before granting the mistrial. Further the judge is familiar with "the background of the case on trial, [and has heard] the tone of the argument as it was delivered and has observed the apparent reaction of the jurors." *Arizona* v. *Washington, supra* at 514. Thus, "[i]f the judge . . . believed that the statement of counsel was likely to result in an unjust verdict, we cannot say that [the] action was without justification." See *Commonwealth* v. *Cronin,* 257 Mass. 535, 537 (1926).

The defendant also offers numerous cases[4] for the proposition that improper argument, even by the prosecutor, does not necessitate a mistrial. The cases cited by the defendant are inapposite, however, because the fact that it is within a judge's discretion not to order a mistrial due to improper argument does not necessarily dictate the converse — that it is improper if a judge does order a mistrial. In *Commonwealth* v. *Gouveia,* 371 Mass. 566, 572 (1976), cited by the defendant, we said, "Denial of a mistrial and reliance on curative instructions may be proper, *in the judge's discretion,* even in a case of clearly improper argument by a prosecutor" (emphasis supplied). The determination of a manifest necessity must be made by a judge on a case-by-case basis. The judge's findings reflect careful consideration of alternatives, specifically curative instructions and

---

[4] See *Commonwealth* v. *Gouveia,* 371 Mass. 566, 572 (1976); *Commonwealth* v. *Borodine,* 371 Mass. 1, 9 (1976), cert. denied, 429 U.S. 1049 (1977); *Commonwealth* v. *Hartford,* 346 Mass. 482, 485-486 (1963); *Commonwealth* v. *Devlin,* 335 Mass. 555, 568 (1957); and *Commonwealth* v. *Salemme,* 3 Mass. App. Ct. 102, 105 (1975).

voir dire of the jury. Contrast *Jones* v. *Commonwealth, supra* at 618 and *Couto* v. *Commonwealth,* 18 Mass. App. Ct. 913, 914 (1984).

Specific curative instructions are suggested by the defendant for the first time in his brief. All of the suggested instructions are of a general nature not directed to the error in the opening statement[5] and might not, even if offered at the trial, have erased the prejudicial effect of counsel's opening statement. *Arizona* v. *Washington, supra* at 512-513. None of the instructions proposed by the defendant in his brief focus on both the harm created by the defense counsel's improperly suggesting in his opening statement that the defendant's testimony would be similar to that of his witness and the impropriety of giving reasons for the defendant's failure to testify.[6] The judge could well conclude that instructions so focused might preclude a fair trial for either the Commonwealth or the defendant. Such

---

[5] The defendant did not offer any curative instructions to the judge at the conference in chambers. The judge was under no obligation to give him time to research the issue during the lunch recess if she thought curative instructions would be of no avail.

[6] The defendant's attempt to justify his trial counsel's concededly ill-advised remarks by stating that they were derived almost verbatim from R. L. Simmons, Winning Criminal Cases 211-213 (1981), a criminal law practice manual, is meritless. An attorney is responsible for checking the legality of his argument. The opening statement violated ABA Standards Relating to the Defense Function adopted by this court in 1979.

Rule 3:08, DF 12, of the Rules of the Supreme Judicial Court, as appearing in 382 Mass. 807 (1981), states: "It is unprofessional conduct for defense counsel to allude in his opening statement to any evidence unless there is reasonable basis for believing in good faith that such evidence will be tendered and admitted in evidence."

Rule 3:08, DF 15, of the Rules of the Supreme Judicial Court, as appearing in 382 Mass. 808 (1981), states: "It is unprofessional conduct for defense counsel intentionally at trial to refer to or to argue on the basis of facts outside the record. Defense counsel, on appeal, should not refer to or argue on the basis of facts outside the record. Reference may be made at trial or on appeal to matters of common public knowledge based on ordinary human experience and to matters of which the court can take judicial notice."

There is no reasonable basis for a good faith belief that an attorney's advice to a client charged with crime can be admitted in evidence at trial (DF 12). The defendant's opening suggested matters outside the record by implying to the jurors that if the defendant were to testify, his testimony would corroborate his witness's testimony (DF 15).

a determination is given "the highest degree of respect." *Arizona* v. *Washington, supra* at 511. See *Wade* v. *Hunter,* 336 U.S. 684 (1948).

The defendant also argues that the judge is required to conduct a voir dire of the jury to determine whether the opening statement had a prejudicial effect. However, unlike *Commonwealth* v. *Reinstein,* 381 Mass. 555, 556-557 (1980), and *Barton* v. *Commonwealth,* 11 Mass. App. Ct. 688, 693-694 (1981), where outside influences could have biased the jurors, here the source of the influence was in the courtroom. The judge therefore had no reason to hold a voir dire of the jurors as to whether they had been exposed to the statement. Her finding that a voir dire "would only have exacerbated the prejudicial impact of the remarks by further directing the attention of the jurors" to them reflects her consideration of that alternative before the declaration of a mistrial.

We agree with the single justice that the judge did not abuse her discretion in determining that there was manifest necessity for a mistrial.

*Order of the single justice*
*affirmed.*