SUPERIOR COURT 
 
 PAUL SAUNDERS vs. THAD’S STEAKHOUSE & UNION INDEMNITY INSURANCE COMPANY

 
 Docket:
 84-0166-CV
 
 
 Dates:
 May 3, 1984
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 MEMORANDUM & ORDER
 
 

             We can begin with the proposition that a person is not immune from discovery proceedings, including a deposition, because he is a lawyer in the case in which discovery is sought. Hickman v. Taylor, 329 U.S. 495, 508 (1947). See Ward v. Peabody, 380 Mass. 805, 817-313 (1980). See also Shriner v. American Stock Exchange, 28 F.R.D. 34 (S.D. N.Y. 1961). See generally, Moore, Federal Practice § 26.63[8]. What has happened here is that Saunders, as a plaintiff, has brought an action against union Indemnity Insurance Company Under G.L. c. 176D, § 3(9), and G.L. c. 93A. §§ 2 & 9, for engaging in an unfair settlement practice.
            In the course of defending, counsel for the Union has undertaken to depose plaintiff’s counsel, Arthur F. Licata, who has resisted submitting deposition on the grounds, as I understand them, that the proposed inquiry transgresses upon the lawyer-client privilege and that it seeks access to material involving his mental impressions, conclusions, opinions, or legal theories.
 
                                                            -1-
 
            As things now stand procedurally, a judge of the Superior Court has ordered Licata to give responsive answers to the questions previously put to him during his deposition. 
            Answering questions at a deposition, as is the case with taking the stand during a trial, does not work a wholesale waiver of the lawyer-client privilege. It is possible to be responsive to questions which do not tread on privileged material and to retain the right to invoke the privilege when the inquiry reaches privileged material. It is even possible to exercise the privilege only as to specific subject matter components. Neitlich v. Peterson, 15 Mass. App. Ct. 622, 626-627 (1983). One can imagine questions put by Union in ths case which are pertinent to its defense and which do not implicate Mr. Licata’s lawyer-client privilege. For example, Union could properly ask if Mr. Licata spoke to a certain claims adjuster. Did the claims adjuster ask for certain medical information? Was that information furnished? Did the adjuster make an offer of settlement? None of those question would bear on communications between Mr. Licata and his client or on his mental impressions, legal theories, or tactics. Truck Ins. Exchange v. St. Paul Fire & Marine Ins. Co., 66 F.R.D. 129, 133, n. 5 (E.D. Pa. 1975).
            Questions to Mr. Licata which inquired why he did not send certain material or respond in a certain way or what he advised his client or what his client 
 
                                                            -2-
 
may have said to him would have been exemplary of reaching for privilege material. As to such questions, Mr. Licata could properly decline to answer. See Bercow v. Kidder, Peabody & Co., 39 F.R.D. 357, 358 (S.D. N.Y.1965). Notes of Mr. Licata’s conversations with representatives of union to the extent those notes comment upon or evaluate what was said by Union’s representatives would be the sort of material protected under Mass.R.Civ.P. 23(b)(3). It is, however, the duty of Mr. Licata, on his own or as he may be advised, to evaluate whether a question elicits a response which necessarily touches on lawyer-client conversation, upon work product, upon mental impressions, conclusions, opinions or legal theories, or on objective fact, such as: to your knowledge, did persons other than yourself negotiate with Union about the case?
            To the extent, as is argued, Mr. Licata has no memory sufficient to answer the question it is, of course, appropriate to say that he has no independent memory, except as recorded by contemporaneous file memoranda from which he may refresh his memory. 
            The point is that there can be no blanket barrier to questioning an attorney, particularly in a case charging failure to engage in fair settlement negotiations. The insurance company can hardly be expected to respond to such a charge without inquiring of persons who have engaged in negotiations. Reciprocally, the plaintiff in this kind of case is entitled
 
                                                            -3-
 
to know from the insurer what investigative steps it took, what facts it learned, and when it learned them.
            Perhaps it is inevitable that in cases alleging unfair settlement practices, the range of inquiry envelops persons and material which might, in another context, have been thought secure from probing eyes. See e.g. Truck Ins. Exchange v. St. Paul Fire & Marine Ins. Co., supra, at 136.
            So far as the case at hand is concerned, the Superior Court judge was right in ordering resumption of the deposition and requiring Mr. Licata to make responsive answers to the questions that had been put so far. In further responses, Mr. Licata should be governed by the principles I have suggested in this memorandum. 
            The petition for modification of the Superior Court is denied.
            Union’s petition for counsel fee under G.L. C. 231, § 6F, is denied. The subject matter is not without novelty and I have no doubt that Mr. Licata acted in good faith in challenging the order of the Superior Court judge.
By the Court (Kass, J.)
Assistant Clerk